REGAN, Judge.
Plaintiff, Ronald Robin, instituted this suit against the defendant, Kaiser Alumi-' num and Chemical Corporation, his former employer, endeavoring to recover maximum workmen’s compensation benefits for a permanently disabling injury which he incurred in the course of his employment when a basket filled with aluminum slugs, weighing 130 pounds, fell on and fractured his ankle.
The defendant answered, admitting the accident and the injury; however, it asserted that plaintiff had completely recovered from any disability which resulted therefrom and that he had received compensation payments while he was disabled.
From a judgment awarding plaintiff $35 per week for a period not to exceed 400 weeks, subject to a credit for compensation previously paid, and medical expenses not to exceed $2,500, the defendant has prosecuted this appeal.
The record reveals that on April 8, 1960 plaintiff was employed as a utility man in the Kaiser plant. His duties consisted of assorting small aluminum discs, referred to as television slugs, placing them in a basket and then, with the assistance of a co-worker, lifting the filled basket and emptying it into a hopper which was approximately four feet above floor level. In the course of lifting the filled basket, it struck the edge of the hopper and caused plaintiff to lose his balance; as he fell backward the basket dropped on his left foot, fracturing his ankle and tearing a ligament therein.
The defendant sent plaintiff to Dr. William A. Roy, who found it necessary to perform surgery twice in order to heal the fracture properly. In addition, Dr. Roy administered physiotherapy to improve the function in the ankle and subastragalar joint. After more than ten months’ treatment, Dr. Roy told plaintiff that he was able to return to his former job, and therefore discharged him.
Plaintiff, however, testified that he attempted to resume his former duties after he was discharged, but was unable to do so without experiencing severe pain. He stated he was not able to lift heavy objects, walk long distances, or stand for too long a period of time since he had been injured.
*170 The medical experts who testified herein all agreed that plaintiff’s fracture had completely healed but that as a result thereof, he suffered residual disability to his foot.
The only question which was posed for the trial court’s consideration was whether that residual disability is of a total and permanently disabling character within the purview of the Louisiana Workmen’s Compensation Statute, and this issue was resolved by an analysis of the medical evidence, which we shall briefly review.
Dr. Blaise Salatich, whom the trial court qualified as an expert in the field of orthopedic surgery, appeared on the plaintiff’s behalf. He stated that he had first examined the plaintiff in April 1961. At that time plaintiff walked with a limp and appeared to favor the left foot and ankle. His examination revealed that plaintiff’s left leg had atrophied as a result of one year’s inactivity and there was a loss of muscle tone, tenderness and instability of the left thigh. Dr. Salatich further stated that there was a marked limitation in the range of motion of the injured ankle and he therefore assigned a 40% residual disability to that ankle and foot. He testified that he again examined plaintiff on November IS, 1961 and found no change in his condition.
Predicated on these clinical findings, Dr. Salatich was of the opinion that the plaintiff would not be capable of resuming the duties he had performed prior to his accident because weight lifting and standing on the injured foot for an eight hour work day would produce pain.
The defendant endeavored to rebut this evidence with the testimony of the following three medical experts.
Dr. Roy, the treating physician, stated that when he discharged plaintiff in January of 1961, he had a good range of motion in his ankle and could walk on his toes without limping. Therefore, he was of the opinion that plaintiff could resume his for-. mer occupation; however, he stated that the plaintiff would have had a short period of adjustment immediately after returning to work since he had been inactive for almost one year.
Dr. George Berkett, an orthopedic surgeon who examined plaintiff on July 7, 1961, was also of the opinion that plaintiff could resume the duties he had performed before he was injured. Although he found a limitation of motion in the foot and ankle, which he rated as a 10-15% residual disability, he asserted that plaintiff’s ankle was stable enough to permit his performing heavy labor without pain. Dr. Berkett said he thought plaintiff’s complaints of pain were exaggerated because they were inconsistent with his clinical findings.
Dr. Jack Wickstrom, an orthopedist who appeared on the defendant’s behalf, testified that he examined the plaintiff on July 7, 1961 and was of the opinion that he was capable of resuming the duties he had performed before his injury. He also observed the limitation in plaintiff’s range of foot and ankle motion and rated this residual disability at 21%. Although Dr. Wick-strom concluded he could return to work, he did concede that plaintiff would have some difficulty standing for long periods.
The trial judge concluded from the foregoing testimony that plaintiff was permanently disabled from performing heavy manual labor and the only question which this appeal has posed for our consideration is whether the trial court erred in evaluating the medical evidence.
Although the medical testimony adduced on the defendant’s behalf is impressive, a review of the record convinces us that the conclusion of the trial judge is not so erroneous and unsupported by the evidence as to warrant a reversal by us. Dr. Sala-tich unequivocally asserted that the plaintiff was totally and permanently disabled, and Dr. Wickstrom; the defendant’s expert, did concede that plaintiff would have difficulty standing for long periods of -time even though he thought he could resume the *171 duties of his former occupation. It will be recalled that his job required him to be on his feet almost continuously during the course of an eight hour work day.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.